UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANDY DIVISION

| | | |
|---|---|---|
| BRANDON McFARLANE,<br>Individually and on behalf of all other<br>similarly situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | No. 4:15-cv-00176-SEB-DML |
| vs. | ) <br> ) | |
| MIKE CAROTHERS, Jackson County<br>Sheriff. | ) <br> ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTIONS TO CERTIFY CLASS AND TO
APPOINT CLASS COUNSEL**

This cause is now before the Court on a motion for class certification (Docket No. 22) and appointment of class counsel (Docket No. 24), filed by Plaintiff Brandon McFarlane on July 8, 2016. He brings this action on behalf of himself and all similarly situated individuals and seeks certification under Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) of the following proposed class:

> Individuals who, from December 10, 2013 to the present, were incarcerated in the Jackson County Jail, [who] had been arrested without a warrant, and were then held more than 48 hours following the detention and arrest, without receiving a timely judicial probable cause determination.

Docket No. 22. This case was referred to Magistrate Judge Debra McVicker Lynch for initial decision. The Report and Recommendation by Magistrate Judge Lynch proposes that the class, with a modified class ending date, be certified under Rule 23(a) and 23(b)(3) for damages relief only. Defendant Mike Carothers, Sheriff of Jackson County,

1

Indiana, has filed a timely objection. For the reasons detailed below, we OVERRULE Sheriff Carothers's objections, ADOPT the conclusions of the Magistrate Judge, and GRANT Mr. McFarlane's Motion for Class Certification and Motion to Appoint Class Counsel and certify the class defined in the Report and Recommendation.

## Standard and Scope of Review

The Federal Rules of Civil Procedure permit a district court judge to refer a nondispositive motion, such as this one, to a magistrate judge. Fed. R. Civ. Pro. 72(a) and (b). In cases in which a magistrate judge has independent authority to do so, she shall hear and decide the matter and issue her own decision. Fed. R. Civ. P. 72(a). If the case is appealed, a district judge court reviews the matter on a standard of clear error or contrary to law. Fed. R. Civ. P. 72(a); *see Kruger v. Apfel, 214* F.3d 784, 786-87 (7th Cir. 2000). However, Congress has not authorized magistrate judges to make independent decisions on motion for class certification. 28 U.S.C. § 636(b)(1)(A). Thus, after referring such a motion to a magistrate judge, the district judge "must make a *de novo* determination of those portions of the report or specified propose findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

## Factual and Legal Background[1]

### I.      Facts and Procedural History

Mr. McFarlane was arrested without a warrant at 11:57 a.m. on January 5, 2015, on charges of contributing to the delinquency of a minor and violating a protective order. He was booked into the Jackson County Jail at 1:00 p.m. and was detained there until his release on January 7, 2015 at approximately 3:24 p.m. He was not given a probable cause determination within the 48-hour period following his arrest. Mr. McFarlane had an initial hearing on January 13, 2015, at which time the court did not impose a bond, but allowed him to continue his release on his own recognizance. The Jackson County Sheriff, Carothers, asserts that Mr. McFarlane was given credit for fifteen days in jail and fifteen days of good credit time even though he spent only two days and three-and-a-half hours in jail on these charges. Docket No. 27 at 2.

According to his counsel's review of the Jackson County Jail records for the two years leading to the filing of the complaint, between forty and fifty incarcerated individuals also were not given a probable cause determination within 48 hours of their arrests without a warrant. Docket No. 22. Through counsel, Mr. McFarlane filed this action on December 10. 2015, almost eleven months after McFarlane was released from the Jackson County Jail. Docket No. 1.

---

[1] As noted by the Magistrate Judge, this Court is not required by Rule 23 to accept the allegations in a complaint as true. *See Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-75 (7th Cir. 2001). Here, however, the parties agree to facts except where indicated.

Magistrate Judge Lynch held a hearing on the motions for class certification and appointment of class counsel on February 2, 2017, and took them under advisement. Docket No. 50. On February 9, 2017, she issued a Report and Recommendation that this Court grant both the motion for class certification and the motion to appoint class counsel. Docket No. 51 (R&R). In her Report, the Magistrate Judge corrected a grammatical error in Mr. McFarlane's articulation of the class definition. R&R at 19. Additionally, she concluded that Mr. McFarlane's proposed class definition must be modified to provide an ending date for the class, making the class definition viable under Rule 23(b)(3) by ensuring that the class members will be ascertainable before a final adjudication or settlement. *Id*. at 18-19. The parties raise no objection to the Magistrate's Judge modification of Mr. McFarlane's class definition.

On February 23, 2017, Sheriff Carothers, through counsel, filed a timely objection to certain aspects of the Report and Recommendation discussed more fully below. Docket No. 54 (Def.'s Obj.). Mr. McFarlane his response on March 3, 2017. Docket No. 55.

## II.    Rule 23 Standard

Rule 23 sets out four threshold requirements for certification of a class action. A district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a). These four requirements—the Rule 23(a)

requirements— typically are summarized as numerosity, commonality, typicality, and adequacy of representation. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011).

In addition to the Rule 23(a) requirements, a class action is appropriate only when at least one of the following factors is present:  there is a risk that prosecuting the matter in separate actions will create incompatible standards of conduct binding the defendant; adjudication of separate individual claims would prejudice the interests of potential parties not joined to the suit; the defendant has acted or refused to act on grounds that apply generally to the putative class; or the court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b). Relevant here, Defendant Carothers challenges the Magistrate Judge's conclusion that class certification under Rule 23(b)(3) is appropriate. That provision provides:

> (3)  the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>> (A)    The class members' interests in individually controlling the prosecution or defense of separate actions;
>> (B)    The extent and nature of any litigation concerning the controversy already begun by or against class members;
>> (C)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>> (D)    The likely difficulties in managing a class action.

A class action may be certified only after a rigorous examination whether the requirements under Rule 23 have been met. *Bell v. PNC Bank, N.A.*, 800 F.3d 360 373

(7th Cir. 2015). As the party seeking class certification, Mr. McFarlane bears the burden of demonstrating that he (the class representative) and the class as a whole meet the requirements of Rule 23(a), and those set forth in one of the subsections of Rule 23(b). *Retired Chicago Police Ass'n. v. City of Chicago*, 7 F.3d 784 (7th Cir. 1993).

## Discussion

In *County of Riverside v. McLaughlin*, 500 U.S. 44, 57 (1991), the U.S. Supreme Court held that the Fourth Amendment to the Constitution is violated when an arrested individual does not receive a probable cause determination within 48 hours, unless the government demonstrates "the existence of a bona fide emergency or other extraordinary circumstance." Courts have adopted a burden shifting analysis using, as just noted, 48 hours as a benchmark. *See Ortiz v. City of Chicago*, 613 F.3d 702, 704 (7th Cir. 2010) (citing *County of Riverside*, 500 U.S. at 56-57). Under this framework, a period of 48 hours or less between arrest and presentation to a magistrate judge for a probable cause hearing is presumed reasonable, and the arrestee must show that the length of incarceration is unreasonable; a delay of more than 48 hours is presumed unreasonable, and a government official bears the burden of showing that any detention lasting more than 48 hours is reasonable and justifiable. *County of Riverside*, 500 U.S. at 56-57.

Mr. McFarlane claims that Sheriff Carothers violated his rights and the rights of similarly situated individuals under the Fourth Amendment by detaining them in Jackson County Jail for longer than 48 hours without a probable cause determination. Specifically, he alleges that the Sheriff "had unconstitutional and /or constitutionally defective policies, practices, procedures, and/or customs (or policies of omission) that led

6

to these violations. Docket No. 1 (Complaint) at para. 7. He seeks "declaratory/injunctive relief and . . .compensatory damages available under 42 U.S.C. § 1983 [and] attorney's fees and costs." *Id.*

The prospective class is defined as follows:

> Individuals who, from December 10, 2013, to the date of class certification, were incarcerated in the Jackson County Jail, who had been arrested without a warrant, and were then held more than 48 hours following the detention  and arrest, without receiving a timely judicial probable cause determination.[2]

We now turn to Sheriff Carothers's objections to the report and recommendation that the Rule 23(a) requirements were met and that the class, as defined above, be certified under Rule 23(b)(3). Sheriff Carothers raises two main objections to the Magistrate Judge's Report and Recommendation. First, without explicitly arguing that the numerosity requirement was not satisfied, Sheriff Carothers argues that the Magistrate Judge erred in not excluding certain arrestees from the prospective class. Second, he challenges Mr. McFarlane's adequacy as class representative, alleging that Mr. McFarlane suffered no damages as a result of his over detention, and asserts that the Magistrate Judge improperly shifted the burden of proof in this aspect of her analysis. We conduct a *de novo* review here.

---

[2] We correct a grammatical error in Mr. McFarlane's articulation of the class and provide an appropriate ending date for the class, as did the Magistrate Judge. Docket No. 51 at 19.

## I.      Rule 23(a) requirements

### Numerosity

To be eligible for certification, a proposed class must be so numerous that joinder of all the members as plaintiffs would be impracticable. Fed. R. Civ. Pro. 23(a)(1). "Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)." *A.M.T. v. Gargano*, 2010 WL 4860119, at *3 (S.D. Ind. Nov. 22, 2010) (citing *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 644 (N.D. Ill. 2002)); *see also Hubler Chevrolet, Inc. v. Gen. Motors Corp.*, 193 F.R.D. 574, 577 (S.D. Ind. 2000).

Based on counsel's review of jail records for the two years before the filing of this case, Mr. McFarlane contends that the proposed class includes at least 49 individuals and, given the class's ending date, possibly a higher number. Sheriff Carothers now argues that ten proposed class members were fugitives from justice and therefore, should be excluded from the class. Def.'s Obj. at 6-7 (citing *Sarlund v. Anderson*, 205 F.3d 973, 974 (7th Cir. 2000) (ordering dismissal where "the plaintiff's fugitive status placed him entirely beyond judicial control")).

Here, the Sheriff has not persuasively demonstrated that the fugitive disentitlement doctrine always bars class membership. Indeed, he concedes that the doctrine does not always so apply. Def.'s Obj. at 6. The Magistrate Judge rejected the Sheriff's arguments in this regard, pointing out that, whether the number of class members was in the thirties, forties, or fifties, the numerosity requirement still would be satisfied because joinder of

8

all class members is impracticable. R&R at 5 (citing *Paper Systems, Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 605 (E.D. Wis. 2000) (holding that classes containing fewer than 40 people are sufficient when other factors, like the unlikelihood of all individual class members bringing their own suits, makes joinder impractical)). The Sheriff does not provide any argument to persuade us to the contrary.

### Commonality and Typicality

Rule 23's commonality criterion requires that the issues raised by the complaint be "common to the class as a whole" and that they "turn on questions of law applicable in the same manner to each member of the class." *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (citing *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)).  Here, we agree with the Magistrate Judge that the primary issue in this case, whether each individual was detained for more than 48 hours after an arrest without a warrant and without a probable cause determination, is common to the class. Further, the primary legal question—whether the Fourth Amendment was violated as a result of this detention—is also common to each class member. Before us, Sheriff Carothers makes no arguments to the contrary.

The Sheriff argued before the Magistrate Judge that Mr. McFarlane "suffered no injury as the result of any stay in the jail beyond 48 hours" and, accordingly, his claims would not be typical of the prospective class. Def.'s Obj. at 5. After the Magistrate Judge resolved the issue in favor of Mr. McFarlane, the Sheriff renews that argument at this

juncture. *Id*. at 3-5. As did the Magistrate Judge, we address this argument in our discussion of the factor of adequacy below.

**Adequacy**

Sheriff Carothers continues to challenge the Mr. McFarlane's adequacy as class representative.[3] Specifically, the Sheriff argues that Mr. McFarlane is unable to satisfy this requirement in order to be named a class representative because he suffered no damages resulting from the alleged illegal detention. Def.'s Obj. at 3-5. The Sheriff advances the following as predicates for this argument:  at Mr. McFarlane's initial hearing on January 13, 2015, the court ultimately found his arrest to be supported by probable cause; the applicable bond schedule for his charged offense called for a bond of $1505; Mr. McFarlane could not have afforded to post bond if it had been set in that amount; because he had not received a probable cause determination within 48 hours, Sheriff Carothers released him after about 51.5 hours after his arrest; and the sentencing judge gave him a fifteen-day credit for time served on his sentence even though he was only incarcerated for 51.5 hours. In short, Sheriff Carothers argues that Mr. McFarlane suffered no damages (and thus, could not adequately represent the class) because he was given credit for time served.

The Magistrate Judge concluded that the Sheriff did not sufficiently prove these factual assertions. Specifically, she noted the absence of a bond schedule and the lack of

---

[3] The Sheriff does not dispute the adequacy of proposed class counsel.

evidence discussing the prosecutor's discretion to impose a lesser (or no) bond amount, or even any evidence showing that a bond was set in Mr. McFarlane's case. R&R at 7-8. Therefore, she held, the Sheriff did not show that the "time served" credit that Mr. McFarlane received on sentencing was based solely on his detention on the particular charge for which he was arrested on January 5. R&R at 8. Referring to record evidence of terms of a sentence as consecutive to those in another case for which Mr. McFarlane was separately incarcerated, the Magistrate Judge concluded that it was not clear on the record whether the credit was given was for time served cumulatively for the two cases. *Id.*

Before us, the Sheriff argues that the Magistrate Judge improperly shifted the burden of proof such that he was required to prove Mr. McFarlane's inadequacy as a class representative, rather than Mr. McFarlane bearing that burden. Def.'s Obj. at 1-3. The Sherriff reiterates that he provided evidence and argument supporting his position in the following form:  an affidavit from the jail commander showing the applicable bond schedule, that bond decisions are made in Jackson County after review of the probable cause affidavit, and that Indiana case law provides that a defendant may not receive credit for time served on different offenses. Def.'s Obj. at 2-3 (citing *James v. State*, 872 N.E.2d 669, 672 (Ind. Ct. App. 2007)).

For his part, Mr. McFarlane asserts that no inappropriate burden shifting occurred; instead the Magistrate Judge—properly—concluded that the Sheriff provided no evidence to support the factual assumptions upon which his argument rested. We agree.

The Sheriff neither provides any new argument nor points to any evidence to shore up his assertions. Additionally, the Sheriff continues to advance a narrow view of damages. This was the view of the Magistrate Judge, which we share. R&R at 8. The Sheriff has not eliminated on this record the fact that Mr. McFarlane suffered an injury. Under *County of Riverside*, Mr. McFarlane had a Fourth Amendment right to his liberty at 1:57 p.m. on January 7, 2014, absent some type of extraordinary circumstance, which is never mentioned here. Instead, he was incarcerated beyond the 48-hour period without a probable cause determination. The Sheriff has not established that Mr. McFarlane's receipt of credit at the sentencing phase of his case for "time served" erases the fact of damage.

Apart from her conclusion as to the lacking factual predicate for the Sheriff's argument that Mr. McFarlane suffered no damages, the Magistrate Judge concluded that, in any event, the Sheriff's position on the damages issue is not supported by case law. The Sheriff renews his argument, based on *Bridewell v. Eberle*, 730 F.3d 672 (7th Cir. 2013) and *Ramos v. City of Chicago*, 716 F.3d 1013, 1019-20 (7th Cir. 2013), that Mr. McFarlane suffered no injury as the result of "over detention" and, consequently, cannot make out a claim for damages. Def.'s Obj. at 3-5.  We agree that these cases do not preclude a damages claim in this case. The primary case on which the Sheriff relies is factually distinguishable from Mr. McFarlane's. In *Bridewel*l, 730 F.3d at 680, the plaintiff was arrested without a warrant on a murder charge and did not receive a probable cause determination for 63 hours. The Seventh Circuit held that it was not required to reach the propriety of that determination because the plaintiff was not injured;

12

the record showed that she was not entitled to bail on the murder charge. Crucially, here, neither party contends that Mr. McFarlane, who was arrested on charges for contributing to the delinquency of a minor and violating a protective order, was not entitled to bail.

Further, the Sheriff's reliance on the holding of the *Bridewell* court that the plaintiff "[could] not receive damages for time spent in custody on a valid sentence" is misplaced. 730 F.3d at 677. In *Bridewell* and *Ramos*, unlike Mr. McFarlane's case, the periods of over detention were attributable to other factors. Mr. Ramos was arrested on a burglary charge and, at the time of his arrest had been released on a weapons charge. He was convicted on the weapons charge and given credit for his pretrial detention on that charge. After being acquitted on the burglary charge, Mr. Ramos brought claims for malicious prosecution on the burglary charge, claiming he suffered damages for serving time in jail on the wrongful burglary charge. The Seventh Circuit rejected his damages claim because his jail time "was attributable entirely to the weapons charge and conviction, and therefore cannot form the basis for damages for his residential burglary claim because he would have served that time regardless of the burglary charge." *Ramos*, 716 F.3d at 1019. Similarly, in the other case, Ms. Bridewell had been released on bond for a drug distribution offense when she was arrested for murder, which led to the revocation of the bond on the drug-related charge. She received credit for the pretrial detention when she was sentenced on the distribution charge, not on the murder charge that was the subject of her challenge before the Seventh Circuit. *Bridewell*, 730 F.3d at 677.

These (distinguishable) factual scenarios led to the Seventh Circuit's holding that "Bridewell cannot receive damages for time spent in custody on a valid sentence." *Id.* As noted above, there is no other reason, absent the over detention, that Mr. McFarlane would have been incarcerated. The Sheriff does not address these factual distinctions, as did the Magistrate Judge (R&R at 6-11). Thus, the holding in *Bridewell*, relied upon in *Ramos*, is not applicable in Mr. McFarlane's case, and the Sheriff's arguments premised on these cases do not carry the day. Accordingly, we reject the Sheriff's arguments against the conclusions in the Magistrate Judge's report.

For these reasons, we find that Mr. McFarlane has satisfied the adequacy of representation requirement for class certification.

## II.     Rule 23(b) Requirements

In addition to the four threshold criteria of Rule 23(a), a proposed class must meet one of the additional four requirements set forth in Rule 23(b). Here, Mr. McFarlane argued, and the Magistrate Judge agreed, that the class satisfies Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b)(3). The Rule further provides that the factors pertinent to certification on these grounds include: the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability

14

of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action. *Id.*

Apart from his damages argument addressed above, Sheriff Carothers does not dispute that the requirements for certification of damages claims under Rule 23(b)(3) is appropriate. Thus, we adopt the conclusion of the Magistrate Judge that Mr. McFarlane has established that common questions of fact predominate and that the requirements for certification under Rule 23(b)(3) are met.

Sheriff Carothers does not oppose appointment of class counsel if class certification is granted. Having held that the class as defined below be certified, we grant Mr. McFarlane's request that class counsel be appointed because she is capable of advancing the interests of the class and need not address this issue further.

## III.   Conclusion

For the reasons detailed above, Plaintiff's Motion for Class Certification is GRANTED. The following class shall be certified under Fed. R. Civ. P. 23(a) and 23(b) for damages relief only:

> Individuals who, from December 10, 2013, to the date of class certification, were incarcerated in the Jackson County Jail, who had been arrested without a warrant, and were then held more than 48 hours following the detention  and arrest, without receiving a timely judicial probable cause determination

We ADOPT the Magistrate Judge's recommendation that the motion to appoint the proposed counsel as class counsel be granted.

**IT IS SO ORDERED.**

Date:   3/31/2017

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Carson Myers
cmyers@myers-law.com

Ronald J. Semler
rsemler@stephlaw.com

Ilene M. Smith
ismith@myers-law.com

James S. Stephenson
jstephenson@stephlaw.com