UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRANDON MCFARLANE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:15-cv-00176-SEB-DML ) |
| MIKE CAROTHERS, Jackson County Sheriff, | ) ) ) ) |
| Defendant. | ) |

## **REVISED SCHEDULING ORDER ON PENDING MOTIONS**

A review of recent filings docketed in this cause reveals the following chronology:

In January 2017, Plaintiff McFarlane's Motion to Certify Class and Motion to Appoint Class Counsel were referred for a hearing and a Report and Recommendation by the Magistrate Judge (Dkt. No. 48). Her Report and Recommendation was entered on February 9, 2017 (Dkt. No. 51).

The next day, February 10, 2017, Plaintiff filed his fully briefed Motion for Summary Judgment (Dkt. Nos. 52 & 53).

On February 23, 2017 (Dkt. No. 54), Defendant Sheriff Carothers filed his objection to the Magistrate Judge's Report and Recommendation. Defendant thereafter sought an extension of time to file his combined motion for summary judgment and response to plaintiff's motion for summary judgment, and the extensions of time were granted (Dkt. No. 57). Shortly thereafter, on March 20, 2017, Defendant filed his Motion for Summary Judgment (Dkt. No. 58).

1

On March 31, 2017, an Order Adopting the Report and Recommendations by the Magistrate Judge and overruling Defendant's objection was entered by the undersigned judge. A motion to reconsider that order or in the alternative to decertify the class was filed by Defendant on April 26, 2017 (Dkt. No. 72). Plaintiff filed his response in opposition to the Motion for Reconsideration on May 10, 2017 (Dkt. No. 75).

Thus, there are currently pending for decision the motion to reconsider the order adopting the Magistrate Judge's Report and Recommendation and the parties' respective motions for summary judgment.

While these motions were pending on our docket, the Seventh Circuit handed down on April 10, 2017, a decision in the case of Ewell v. Toney, 853 F.3d 911 (7th Cir. 2017), a § 1983 claim in which an arrestee had sued police detectives and the district attorney for having detained her without probable cause and for conspiring to deprive her of her constitutional rights by false arrest and unlawful detention. The Seventh Circuit, in reviewing the district court's dismissal of the complaint, held that because Ewell had received credit on her sentence of detention for the time she claims she was unlawfully held in custody without a probable cause determination or a bond hearing, she could not succeed on her § 1983 claim challenging her initial detention.

In his objection to the Magistrate Judge's order on Plaintiff McFarlane's request for class certification, Defendant Sheriff Carothers relied on the Seventh Circuit's opinion in Bridewell v. Eberle, 730 F.3d 672 (7th Cir. 2013), which held that "a section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence." Bridewell, 730 F.3d at 677. The magistrate

judge and the undersigned judge distinguished <u>Bridewell</u> from this case. But the objection did not include a discussion of the <u>Ewell</u> precedent, because that decision had not yet been handed down by the appellate court. Neither did the Court's Order Adopting the Magistrate Judge's Report and Recommendation cite the <u>Ewell</u> case for the same reason—it had not yet been decided.

However, Defendant's Motion to Reconsider our Order Adopting the Report and Recommendation does cite and discuss in detail the <u>Ewell</u> decision. Similarly, while no discussion of the <u>Ewell</u> decision appeared in the summary judgment briefing, by the time of the filing of the May 1, 2017 Reply Brief by Defendant in Support of his Motion for Summary Judgment, the <u>Ewell</u> decision was available and thus included in the briefing. But that mention appears for the first time in Defendant's reply brief, which means that Plaintiff has not had an opportunity to respond to Defendant's arguments and the impact of this recent authority on which Defendant relies and the Court must now consider.

<u>Ewell</u> is important to our resolution of the issues pending before us. Besides providing the Seventh Circuit's most recent thinking on these issues, Ewell's holding will at least inform, and could control the outcome of our rulings on the pending motions. A full discussion of that holding and its application to the case at bar by the parties is desirable, indeed, in the interest of fairness, it is necessary.

Accordingly, the Court sets the following schedule going forward to allow for a full and fair consideration of the <u>Ewell</u> decision:

Our ruling on Defendant's Motion to Reconsider the Order Adopting the Report and Recommendation is hereby **granted in part**;

3

The motion for class certification is **remanded** to the Magistrate Judge for further consideration in light of the Ewell decision on the class certification issues as well as the pending motions for summary judgment.

Because the Court anticipates that the Magistrate Judge's revised report will provide a careful and complete analysis of the Ewell case, the pending motions for summary judgment are hereby **administratively closed** and shall remain closed until such time as her Report and Recommendation are issued and the time for objections has passed. If at that time the motions for summary judgment warrant refiling in their current form, or require revisions to take into account the Report and Recommendation analysis, each party is permitted to refile its respective motion and briefs, without requiring further leave of court.

IT IS SO ORDERED.

Date: _____9/29/2017_____        _____
                                         SARAH EVANS BARKER, JUDGE
                                         United States District Court
                                         Southern District of Indiana


Distribution:

Ronald J. Semler
rsemler@stephlaw.com

Ilene M. Smith
ismith@myers-law.com

James S. Stephenson
jstephenson@stephlaw.com