UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRANDON MCFARLANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-cv-00176-SEB-DML |
| | ) |
| MIKE CAROTHERS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S OBJECTION (DKT. 84) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 83) ON PLAINTIFF'S MOTION TO CERTIFY CLASS (DKT. 22), AND ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY (DKT. 89)**

This putative class action under 42 U.S.C. § 1983 seeks to recover for injuries resulting from the overdetention of pretrial detainees at the Jackson County, Indiana, jail, allegedly caused by the policies of Defendant Jackson County Sheriff, contrary to *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), and *Gerstein v. Pugh*, 420 U.S. 103 (1975).

On July 8, 2016, Plaintiff filed a class certification motion. Dkt. 22. We referred the motion to Magistrate Judge Debra McVicker Lynch for a report and recommendation. Dkt. 48. Judge Lynch recommended that the proposed class be certified, as modified, Dkt. 51, a recommendation we adopted on March 31, 2017, Dkt. 61, over Defendant's objection. Dkt. 54.

A short time later, Defendant moved for reconsideration of that ruling or for decertification of the class in light of *Ewell v. Toney*, 853 F.3d 911 (7th Cir. 2017). Dkt.

1

72. We granted the motion for reconsideration and remanded the class certification motion to Judge Lynch for a report and recommendation on the effect of *Ewell*. Dkt. 78. On July 10, 2018, Judge Lynch renewed her recommendation that Plaintiff's proposed class be certified, *Ewell* notwithstanding, to which Defendant timely filed the instant objections. Dkt. 84. In the course of briefing, Plaintiff moved for leave to file a surreply to Defendant's reply in support of its objections. Dkt. 89.

The facts of the case have been recited in the rulings described above, so we assume the parties' familiarity with them. For the reasons explained below, Defendant's objections are overruled.

## Standard of Review

Though class certification motions are "[n]ondispositive [m]atters," Fed. R. Civ. P. 72(a), they have been expressly exempted by Congress from a magistrate judge's power to "hear and determine." 28 U.S.C. § 636(b)(1)(A). Accordingly, we must "make a de novo determination of those portions of the report . . . or recommendations to which objection is made." *Id.* § 636(b)(1).

## Analysis

In *Ewell*, relying on *Bridewell v. Eberle*, 730 F.3d 672 (7th Cir. 2013), and *Ramos v. City of Chicago*, 716 F.3d 1013 (7th Cir. 2013), the Seventh Circuit stated, "[A] section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence." 853 F. 3d at 917. The question is whether this statement in its maximal form is a holding, as Defendant contends, or *dictum*, as Plaintiff contends and Judge Lynch held.

2

We agree with Judge Lynch. Defendant's objections have not persuaded us to set aside Judge Lynch's careful and thoughtful analysis of *Ewell*, *Bridewell*, and *Ramos*. That analysis revealed that

> none of these three decisions of the Seventh Circuit—nor any other of which this court is aware—has foreclosed a damages remedy for provable constitutional injury caused by named defendants. [Plaintiff's] allegations, supported by evidence of record, are that but for [Defendant's] failure to present his case for a probable cause determination in a timely manner, he would have been free (or had a bail opportunity) rather than in custody. Applying as an expansive principle—unmoored from the pivotal facts that gave rise to it—that credit at sentencing for time served always erases an otherwise proven constitutional injury, would in this judge's view create an unwarranted extension of [a proposition never] squarely presented to the Seventh Circuit and never squarely decided by it.

R. & R. 13–14 (footnote omitted).

First, Judge Lynch observed that "the Seventh Circuit noted in [*Ramos* and *Bridewell*] that the plaintiff had failed to respond to the defendants' 'no damages' arguments." R. & R. 14 n.6. Defendant objects he "cannot be faulted for presenting an issue that *Ramos* did not." Br. Supp. 2. True enough, but Judge Lynch did not fault Defendant for anything; she correctly pointed out that waiver is relevant in distinguishing holding from *dicta*, that is, is identifying what has "been squarely presented to the Seventh Circuit and squarely decided by it." R. & R. 14.

Second, Defendant objects that Judge Lynch impermissibly elevated Judge Wood's concurrence in the judgment in *Bridewell* to controlling precedent. Br. Supp. 2. Judge Lynch did no such thing. *See* R. & R. 8. Rather, the reference to the *Bridewell*

3

concurrence was simply one minor step in Judge Lynch's effort to trace the origin, and thereby the present status, of the *Ewell* language Defendant relies upon.

Third, Defendant objects that Judge Lynch distinguished *Ewell*, *Bridewell*, and *Ramos* "based on the plaintiffs' failure to sue the proper defendant. But the pronouncement in *Ewell* is not dependent on the identity of the defendant; it is a statement of law." Br. Supp. 3. Again, Defendant appears to misunderstand the import of Judge Lynch's analysis, which, again, was to trace what the Seventh Circuit actually decided in the three cases in issue.

Fourth, Defendant renews his argument that what matters for *Riverside*'s purposes is not the detainee's entitlement to release, but his financial capacity to afford it. We reject that argument for the reasons stated by Judge Lynch, who has now rejected it twice. R. & R. 13 n. 4 (citing prior R. & R., Dkt. 51, at 7).

Fifth, Defendant reasserts his unshakeable conviction that an overdetained plaintiff who subsequently receives sentencing credit for time served has already recovered for his injury. *See* Br. Supp. 4–6. In addition to the reasons given by Judge Lynch for failing to give that conviction conclusive legal effect, *see* R. & R. 14–17, we add that it is contrary to fundamental principles of tort law.

It is often said that "Section 1983 creates 'a species of tort liability[.]'" *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)). Accordingly, "tort principles 'provide the appropriate starting point' in specifying the conditions for recovery'" under Section 1983. *Id.* at 920 (quoting *Carey v. Piphus*, 435 U.S. 247, 257–58 (1978)). While principles of the common law of torts

4

"serve[] 'more as a source of inspired examples than of prefabricated components[,]'" *id.* at 921 (quoting *Hartman v. Moore*, 547 U.S. 250, 258 (2006)), inspiration may helpfully be sought from them in this case.

Defendant's argument sounds in the law of discharge and satisfaction. But the rule is that only tortfeasors may satisfy their tort debts. Restatement (Second) of Torts §§ 896 cmt. a., 900 cmt. b (Am. Law Inst. 1975). Any other benefit that arguably makes the plaintiff whole is subject to the collateral-source rule. *Id.* § 920A cmt. b. As applied to this case, the alleged tortfeasor is Defendant Sheriff. But the actor that awards credit against sentences for time served are the sentencing judges of Jackson Circuit and Superior Courts. And, whereas Section 1983 must mean the same thing no matter in which state suit is brought, this regime varies across jurisdictions. In Indiana, for example, award of credit time is nondiscretionary and mandatory upon the sentencing court. *Hickman v. Indiana*, 81 N.E.3d 1083, 1085 (Ind. Ct. App. 2017). In Virginia, by exemplary contrast, that office belongs to the department of corrections, in its discretion. *Miska v. Bartley*, No. 5:09CV00092, 2010 WL 5019349, at *4 (W.D. Va. Nov. 23, 2010). To allow named defendants, who would otherwise be mulcted for their torts, to go free from liability because a different actor "satisfied" their tort debt, by choice or legal necessity, would be contrary to bedrock tort law and represent a windfall to constitutional tortfeasors.

Further, setting aside the nonidentity of the relevant actors, credit against a sentence is no "satisfaction" of Defendant's tort debt at all. By way of analogy, imagine that A, an involuntary tort creditor of B, later becomes B's voluntary contract debtor. (In

5

this case, Plaintiff would be the involuntary tort creditor of Defendant, and, so to speak, the voluntary criminal debtor to the state of Indiana.) Does A's contract debt to B erase, mitigate, or set off B's tort debt to A? The answer is no. *See* Restatement (Second) § 923 cmt. c. ("Nor does the rule permit a creditor who has improperly seized his debtor's goods to have the damages for the conversion diminished by the amount of the debt."). Defendant has not persuaded us that his maximalist reading of certain *dicta* should override these fundamental principles.

Finally, in his reply brief, Defendant also raises the implications of Judge Lynch's ruling for the Federal Rule of Civil Procedure 23(b)(3) analysis as "a new issue brought to light" by Plaintiff's response brief. Dkt. 88, at 1. This is not so. The possibility for a disparity in damages calculations between putative class members was brought to light by Judge Lynch in her ruling, as quoted by Defendant himself, *id.* at 2 n.1, not by Plaintiff's response brief. And "'[a] reply brief is for replying[,]' not for raising essentially new matter that could have been advanced in the opening brief." *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (quoting *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring)). Accordingly, we will not consider Defendant's objection raised for the first time in reply, and we deny as moot Plaintiff's motion for leave to file a surreply.

## **Conclusion and Order**

For the reasons explained above:

Defendant's objections to Judge Lynch's *Report and Recommendation* are OVERRULED.

Judge Lynch's *Report and Recommendation* is hereby ADOPTED.

The following class shall be CERTIFIED under Federal Rules of Civil Procedure 23(a) and 23(b) for damages relief only:

> Individuals who, from December 10, 2013, to the date of class certification, were incarcerated in the Jackson County, Indiana, jail, who had been arrested without a warrant, and were then held more than 48 hours following the detention and arrest, without receiving a timely judicial probable cause determination

Plaintiff's motion for leave to file a surreply is DENIED as moot.

IT IS SO ORDERED.

Date: 9/27/2018

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Pamela G. Schneeman
STEPHENSON MOROW & SEMLER
pschneeman@stephlaw.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com