UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

BRANDON MCFARLANE,                    )
                                      )
                    Plaintiff,        )
                                      )
          v.                          )          No. 4:15-cv-00176-SEB-DML
                                      )
MIKE CAROTHERS Jackson County Sheriff,)
                                      )
                    Defendant.        )

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

On December 17, 2019, the Court received notice that a settlement had been

reached among the parties to this class action litigation. The parties subsequently filed

their Joint Motion for Preliminary Approval of Settlement Agreement. However, the

Magistrate Judge, having conferred with the parties on January 27, 2020, identified

various deficiencies in the parties' motion and directed counsel to file an amended motion

for preliminary approval by February 5, 2020. An amended motion was never filed,

though Plaintiff filed two motions for attorney's fees. On July 22, 2020, the Magistrate

Judge again ordered the parties to file corrected submissions no later than August 10,

2020, noting that the most recent request for attorney's fees did not resolve the issues that

she had addressed at the earlier status conference with the parties. [Dkt. 118]. Consistent

with the Magistrate Judge's orders directing corrected filings, on July 27, 2020, we

denied without prejudice [Dkt. 119] the parties' Joint Motion for Preliminary Approval of

Settlement Agreement, [Dkt. 107], as well as Plaintiff's motions for attorney fees, [Dkt.

114, 117].

On July 30, 2020, Plaintiff reported to the Court that the parties had finalized their Class Action Settlement Agreement and Release pursuant to the Magistrate Judge's suggested corrections. [Dkt. 120]. The Magistrate Judge conferred with the parties on August 17, 2020, and concluded that the parties' proposed agreement and accompanying documents were now suitable for judicial approval. [Dkt. 123]. Accordingly, we directed the parties to file an amended motion for preliminary approval of the class action settlement agreement. [Dkt. 124].

The parties followed this directive and, on September 29, 2020, submitted their renewed motion, [Dkt. 125], which now pends before us. However, errors persist even now in the parties' settlement documents, which continue to foreclose preliminary judicial approval. Of significant concern are the errors that were apparently previously identified and addressed by the Magistrate Judge. For example, the parties' proposed notice to class members provides:

**Can I Exclude Myself from the Settlement and Release of Claims?**

No, unless you previously opted out of the Class, you may not exclude yourself from the Settlement Agreement.

[Dkt 125-2, at 4].

In contrast to this proposed language, the most recent draft of this notice submitted to and reviewed by the Magistrate Judge on August 17, 2020, stated:

**Can I Exclude Myself from the Settlement and the Release of Claims?**

The only way to exclude yourself from this Settlement is to opt-out of the Class. You must fill out and file with the Court the opt-out form, but if you do that, then you will not share in the Settlement.

The parties' proposed version now before us for approval is plainly problematic. *See Kaufman v. Am. Express Travel Related Servs. Co., Inc.,* 877 F.3d 276, 284 (7th Cir. 2017) (noting that a proposed class action settlement notice satisfies due process when it affords members an opportunity to opt out); *Burnett v. Conseco Life Ins. Co*., 2020 WL 4207787, at *11 (S.D. Ind. July 22, 2020) (finding class action settlement notice to be adequate where it explained how class members may opt out); FED. R. CIV. P. 23(e)(4) ("If the class action was previously certified . . . the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.").

In addition, the form of the notice as proposed by the parties respecting Plaintiff's counsel's requested fees awarded informs class members that counsel will seek no more than $150,000 in attorney's fees and costs.  This is not consistent with the terms of the settlement agreement, which provides for $175,000 in attorney's fees and costs.

We will not repeat the Magistrate Judge's significant investments of time and effort by (once again) identifying deficiencies in the parties' proposed notice. Why the parties' have not relied on the Magistrate Judge's advice and experienced judgment in finalizing the form of their documents submitted here for approval, we do not know. But what is before us still does not pass muster for the reasons stated herein.  Accordingly, the parties' Joint Motion for Preliminary Approval of Settlement Agreement [Dkt. 125] is **denied without prejudice**. The parties are directed to submit corrected filings no later than fourteen days from the date of this Order.

IT IS SO ORDERED.

Date: _____11/23/2020_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Pamela G. Schneeman
STEPHENSON MOROW & SEMLER
pschneeman@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com